17-917-ag
Baez v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 17th day of May, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
    GERARD E. LYNCH,
    CHRISTOPHER F. DRONEY,
     *Circuit Judges.*

---

ROBERTO BAEZ, AKA ROBERTO BAEZ RIJO,

    *Petitioner*,

    v.               No. 17-917-ag

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

---

 FOR PETITIONER:       JOSHUA BARDAVID, Bardavid Law, New York, NY.

FOR RESPONDENT:                    JONATHAN ROBBINS, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice (Chad A. Readler, Acting Assistant Attorney General, Patricia E. Bruckner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice and Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), Washington, DC.

Appeal from a March 2, 2017, decision of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

The Petitioner, Roberto Baez ("Baez"), is a citizen of the Dominican Republic, and a lawful permanent resident ("LPR") of the United States. He petitions this Court for review of the denial of his application for cancellation of removal before the Board of Immigration Appeals ("BIA").

Baez was convicted of three crimes that are relevant to this appeal. On January 29, 1986, Baez was convicted of criminal sale of a controlled substance in the fifth degree, in violation of § 220.31 of the New York Penal Law ("NYPL"). On June 27, 1997, Baez pleaded guilty to criminal possession of a forged instrument in the third degree, in violation of NYPL § 170.20. Finally, on July 14, 1999, Baez pleaded guilty to unlawful possession of marijuana in violation of NYPL § 221.05.

On August 3, 2008, Baez applied for admission to this country as an LPR after returning from a trip to the Dominican Republic. Because of his conviction under NYPL § 220.31, the Department of Homeland Security ("DHS") alleged in a Notice to Appear ("NTA") dated February 9, 2009 that Baez was an arriving alien and charged him with removability pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of a crime involving moral turpitude ("CIMT") and 8 U.S.C. § 1182(a)(2)(A)(i)(II) as an alien convicted of a controlled substance offense.

Baez conceded removability under both charges. In 2013, DHS filed additional charges of inadmissibility, adding an allegation that Baez's 1997 forged instrument conviction also supported the CIMT charge. Baez denied the additional allegations and withdrew his prior concession to the controlled substance charge of removability. He applied for cancellation of removal under 8 U.S.C. § 1229b(a), which gives the agency

discretion to cancel removal for LPRs who meet residency requirements and have not been convicted of an aggravated felony.

In an off-the-record conversation that was later summarized on the record, the parties discussed whether Baez's 1986 drug sale conviction made him ineligible for cancellation of removal. DHS stated that it would not identify Baez's fifth-degree drug sale conviction as a statutory bar to cancellation of removal "at this time." Appellate Record 222. In an oral agreement (described by the parties and agency as a "stipulation"), the parties agreed that Baez would seek cancellation of removal without also seeking relief as to Baez's 1986 drug conviction under former section 212(c) of the Immigration and Nationality Act ("INA"). They also agreed that if the IJ granted the cancellation application, DHS would refer Baez's case to U.S. Customs and Border Protection, which would decide whether to reissue an NTA.

In May 2015, DHS submitted a "position statement" arguing that its prior stance as to Baez's eligibility for cancellation "constitutes legal error" because his fifth-degree drug sale conviction under NYPL § 220.31 is an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(B). DHS therefore asked the IJ to pretermit the application. Baez responded that DHS should be barred from raising this argument pursuant to laches and the law of the case doctrine.

In April 2016, the IJ ordered Baez removed and denied cancellation of removal. The IJ concluded that Baez was inadmissible as an arriving alien based on his 1997 forged instrument conviction, a CIMT, and his 1999 marijuana possession conviction, a controlled substance offense. Regarding cancellation of removal, the IJ found that Baez met two eligibility requirements: (1) lawful admission for permanent residence for not less than five years; and (2) continuous residence in the United States for seven years. But the IJ also found that Baez's fifth-degree drug sale conviction was an aggravated felony that barred cancellation. Moreover, the IJ found Baez's arguments on laches and law of the case unavailing.

Baez appealed to the BIA, raising the same arguments that he presented to the IJ. The BIA affirmed. Baez timely petitioned this Court for review.

"Where, as here, the BIA adopts and affirms the decision of the IJ, and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA." *Jalloh v. Gonzales,* 498 F.3d 148, 150–51 (2d Cir. 2007) (per curiam) (quoting *Islam v. Gonzales,* 469 F.3d 53, 55 (2d Cir. 2006)). When we review a final order of removal against an alien who is removable for having a criminal conviction under 8 U.S.C. § 1182(a)(2), our jurisdiction is limited to reviewing constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(C), (2)(D); *Harbin v. Sessions*, 860 F.3d 58, 63 (2d Cir. 2017). We consider questions of law and the application of law to undisputed facts *de novo*. *Vasconcelos v. Lynch*, 841 F.3d 114, 117 (2d Cir. 2016).

Baez contends that laches and the law of the case doctrine required the IJ to rely on the prior, oral stipulation by the DHS that Baez was eligible for cancellation of removal. But law of the case had no application as this stipulation was not a ruling by the immigration court. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002). Nor was the agency barred by the doctrine of laches, because the government was enforcing a public right. *See Costello v. United States*, 365 U.S. 265, 281–82 (1961); *United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002).[1]

Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] At oral argument, counsel for Baez withdrew his arguments that the 1986 conviction was not an aggravated felony and that he was not an alien seeking admission to the United States. Accordingly, we do not address these claims in this summary order.